## Goodman v. Thomas.

(Decided October 26, 1916.)

### Appeal from McCracken Circuit Court.

Appeal and Error—Damages—When Verdict Should Be Set Aside as Excessive.—The verdict of a jury in a personal injury case should not be set aside as excessive unless it appears from the evidence that the jury in assessing the damage was influenced by passion or prejudice.

BERRY & GRASSHAM for appellant.

SAM H. CROSSLAND for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is the second appeal of this case. On the former appeal a judgment in favor of Roof, who was a co-plaintiff with Mrs. Thomas in the lower court, for five hundred dollars, and in favor of Mrs. Thomas for fifteen hundred dollars, was reversed on the ground that the judgments were excessive. (See Goodman v. Thomas, 163 Ky. 813.)

On the trial from which this appeal is prosecuted there was a judgment in favor of Roof for two hundred dollars and in favor of Mrs. Thomas for twenty-seven hundred and fifty dollars, and from the judgment as to Mrs. Thomas this appeal is prosecuted by Goodman.

The only ground of reversal urged is that the verdict was excessive.

On the second trial the facts were substantially the same as on the first trial except that on the second trial there was definite evidence concerning the seriousness and permanency of the injuries sustained by Mrs. Thomas. In the former opinion it was said that the evidence at the trial, which took place about six months after the accident, showed that "while Mrs. Thomas had not fully recovered, she had improved and would recover," and further said, "One must conclude that her injuries were not very serious and certainly were not permanent."

The accident occurred in August, 1913, and the trial from which this appeal is prosecuted took place in May, 1915, nearly two years after the accident.

The evidence on behalf of Mrs. Thomas shows that when she and Roof were riding in a buggy they were thrown out on the street when the automobile of the appellant collided with the buggy, turning it over. Before the accident, as shown by the record, Mrs. Thomas was a strong, healthy woman, free from any ailment, and she had never been sick, being at all times able to do her house work. The evidence shows that since the accident she had not been able to control the flow of her urine and has suffered with this affliction from the time of the accident up to the time of the last trial.

Dr. Bradley testified that she had a "misplacement of the womb and also bladder trouble"; that the misplacement of her womb was technically called antiplexion and was such a condition as would likely be produced by the shock and fall she received when thrown from the buggy. That he had tried some twenty-five times between the date of the accident and the time of the trial to replace or readjust her womb so that it would remain in its proper place, but that his efforts had not been successful, and the pressure of the womb on the bladder, due to its displacement, caused the trouble she had in controlling her urine.

Dr. Reddick, a physician introduced by appellant, testified that the injury to the womb known as antiplexion would cause irritation of the bladder and probably result in uncontrolled flow of the urine. He further said, testifying as an expert and basing his opinion on the statements made by Mrs. Thomas as well as those made by Dr. Bradley, that if she could not control her urine it was his opinion that the injury sustained when she was thrown from the buggy caused her trouble.

On this evidence, which shows without contradiction that Mrs. Thomas was seriously injured as a result of the collision, we do not think the assessment of damages by the jury was so excessive as to warrant us in saying that it was due to passion or prejudice on the part of the jury. Counsel for appellant earnestly contend that the amount of the verdict shows that the jury must have been influenced by passion or prejudice, but we are unable to agree with this inference, which is based solely on the size of the verdict.

In setting aside verdicts because they are excessive we are controlled entirely by the provisions of the code, which authorize us to order a new trial only when the damages are so excessive as to appear to have been given under the influence of passion or prejudice, and it has often been said that this condition sufficiently appears when the verdict is so excessive as to strike the mind at first blush as being unreasonable. The verdict is rather large, but not so much so as to justify us in setting up our opinion against that of the jury.

The judgment is affirmed.